UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DIONTE HOUFF,<br><br>    Defendant. | Case No. 12-cr-00574-PJH-1<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 593 |

    Before the court is the motion of defendant Dionte Houff, appearing pro se, for an order under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See Dkt. 593.

    Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

    The court conducts a preliminary review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government. A district court must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

    Defendant is currently serving a 516-month sentence that was imposed after he pled guilty to racketeering conspiracy, assault with a dangerous weapon in aid of racketeering, attempted murder in aid of racketeering, and using a firearm during and in relation to a crime of violence causing death. See Dkt. 338.

1    Defendant's current motion raises four grounds for relief.

2    First, defendant argues that the court violated the Double Jeopardy clause by
3    entering judgments under section 924(c) and section 924(j).  See Dkt. 593 at 5.

4    Second, defendant argues that the court erred by sentencing him to a mandatory
5    minimum sentence on Count 22 which the statute does not require.  See Dkt. 593 at 6.

6    Third, defendant argues that he received ineffective assistance of counsel .  See
7    Dkt. 593 at 8.

8    Fourth, defendant argues that an intervening change in the law with respect to
9    murder under California law warrants relief in sentencing.  See Dkt. 593 at 9.

10   Based on the court's preliminary review, defendant's motion warrants a response
11   from the government.  Accordingly, the court orders the government to show cause why
12   the requested relief should not be granted.  The government shall file with the court and
13   serve on defendant, within 49 days of the date of this order, an answer conforming in all
14   respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause
15   why the court should not "vacate, set aside, or correct the sentence" on defendant's
16   claims.  If defendant wishes to reply to the government's response, he shall do so by
17   filing a reply with the court within 35 days of the date the response is filed.

18   **IT IS SO ORDERED.**

19   Dated:  August 12, 2024

20                                     /s/ *Phyllis J. Hamilton*
                                       PHYLLIS J. HAMILTON
21                                     United States District Judge