UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>DIONTE HOUFF,<br>　　　　Defendant. | Case No. 12-cr-00574-PJH-1<br><br>**ORDER RE MOTION FOR EXTENSION OF TIME TO FILE REPLY**<br><br>Re: Dkt. No. 610, 612 |

　　　　Defendant Dionte Houff, appearing pro se, has filed two letters in connection with his pending § 2255 petition. See Dkt. 610, 612.

　　　　In the first letter, defendant asks for an extension of time to file his reply brief of "up to six months or a year," i.e. until "July of 2025 or January of 2026." See Dkt. 610 at 1. Defendant explains that he was initially granted an extension of time to file his reply in November 2024 because his legal mail was lost/misplaced by the staff at the Bureau of Prisons ("BOP"). Defendant further explains that his mail has not yet been found, and that he will need to file "facility remedies," necessitating an additional extension. See id.

　　　　Defendant's second letter requests a copy of the § 2255 petition that he filed, explaining that "I ask for the copy because this facility has lost/misplaced all my legal mail." See Dkt. 612 at 1. Defendant's second letter also references an earlier letter sent to the court, on October 23, 2017, in which he articulated reasons why he felt his counsel was ineffective, and defendant now asks the court to incorporate his October 2017 letter into his current § 2255 petition. See id.

　　　　The government has filed a response to defendant's first letter, arguing that his request for an extension for file a reply should be denied. See Dkt. 611. The government argues that defendant "has had plenty of time to obtain the materials needed to file a reply," that "a reply is not mandatory," that the "request for a six month to a year

extension is completely unreasonable," and that defendant "does not explain why he needs this much time to prepare a reply." See id. at 2. The government requests that no extension be granted, or in the alternative, that any extension be limited to 30 days. See id.

As to defendant's request for an extension of time to file a reply, the court finds that some additional time is warranted, given the BOP's acknowledged failure to locate defendant's legal mail. The court notes that, in connection with his previous extension request, defendant submitted documentary evidence in the form of a letter from the BOP confirming that defendant's legal mail was indeed "misplaced by staff" in July 2024 and "still not able to be located" as of the letter's date in October 2024. See Dkt. 608 at 2.

However, an extension of up to a year would not be justified by the circumstances. The court will instead grant an extension of 90 days (until **May 8, 2025**), for defendant to file a reply brief. The court will also provide a replacement copy of defendant's § 2255 petition, and of the government's opposition brief. Because defendant's reply brief may not raise new arguments, and is instead meant to be a response to arguments made by the government, the court believes that these materials and a final extension of time will be sufficient for defendant to file a reply brief. Accordingly, the court GRANTS in part defendant's request for an extension of time to file a reply brief, as made in his first letter (Dkt. 610). The court will not grant any further extensions.

As to the requests made in defendant's second letter (Dkt. 612), the court has already addressed his request for a copy of his § 2255 petition, which is granted. Defendant's only remaining request is that the court consider his October 2017 letter in connection with his current § 2255 petition. The government has not yet filed a response to defendant's second letter.

Based on the arguments raised in defendant's letter, as well as his status as a pro se litigant, the court is inclined to grant defendant's request and consider the October 2017 letter as an exhibit to his § 2255 petition. However, because the government has not yet had an opportunity to respond, the government will have until **February 14, 2025**,

1  to file any objection to defendant's request to treat the October 2017 letter as a § 2255
2  exhibit. If an objection is filed, the court will issue a written order; if no objection is filed,
3  the letter will be treated as an exhibit.

5  **IT IS SO ORDERED.**
6  Dated: February 7, 2025

                                        /s/ *Phyllis J. Hamilton*
                                        PHYLLIS J. HAMILTON
                                        United States District Judge